Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues, for $701.05, the amount deducted from his pay to reimburse the defendant for clothing stolen from it by plaintiff’s acting Supply Sergeant, Private Kline. Plaintiff was the Kecruiting Officer and the Commanding Officer of the Depot Force, D. E. M. L., Sixth Corps Area, Fort Sheridan, Illinois. As such it was a part of his duty to equip recruits with a uniform and other clothing. In doing so it is alleged he failed to comply with Army Regulations and that this enabled his Supply Sergeant to steal and dispose of clothing for which plaintiff was accountable in the above amount.
*332 Under Army Regulations clothing was normally issued in bulk to the company or detachment commander, and by him issued to the recruit, but where necessary it was permitted that it be issued direct to the enlisted man (A. R. 35-6560, 11a (2)). Where issued in bulk the procedure prescribed was as follows: The company or detachment commander prepared a requisition on the quartermaster in duplicate on Q. M. C. Form No. 165 for each enlisted man for whom clothing was desired. When the clothing was issued the company or detachment commander signed a receipt therefor at the place provided on the requisition, and the quartermaster initialed the duplicate and turned it over to the company or detachment commander. Upon receipt of the clothing the company or detachment commander issued it to the enlisted man, obtaining therefor the enlisted man’s receipt at the place provided therefor on said Q. M. C. Form No. 165.
■ Where it was necessary for the clothing to be issued by the quartermaster direct to the enlisted man the procedure was substantially the same, except that the quartermaster secured the receipt of the enlisted man and forwarded thei duplicate to the detachment commander.[1]
At this post the practice was followed of making issues to the individual recruits direct and not to the detachment commander in bulk.
*333 Paragraph 13d of A. R.-35-6520 required that all issues, whether in bulk or to the individual enlisted man, be made in the presence of a commissioned officer. Plaintiff did not comply with this regulation, but permitted clothing to be drawn by his acting Supply Sergeant on requisitions previously signed by him in blank. Plaintiff had also signed in blank receipts for the clothing to be drawn. This was in violation of paragraph Id of A. K. 35-6560.
When drawing clothing the Supply Sergeant did not always take with him the recruit for whom it was desired, and clothing was issued to him in the absence both of the recruit and a commissioned officer.
This system made it possible for the Supply Sergeant to draw clothing for fictitious recruits and to fraudulently dispose of it. This he did on requisitions and receipts previously signed in blank by plaintiff or on requisitions and receipts forged by him.
Plaintiff admits liability for the clothing drawn on requisitions and receipts signed by him, but denies liability for that drawn on forged ones; but had plaintiff complied with the Army Eegulation which required him to be present when clothing was drawn, it would have been impossible for the clothing to have been drawn on the forged requisitions and ■receipts as well as on those signed in blank. Plaintiff, therefore, under the 83rd Article of War (41 Stat. 804),[2] would be liable for his proper part of the loss both on clothing drawn on forged forms and on those signed in blank, unless his defense is good that it was impossible to comply with these Army Regulations on account of his many other duties.
In' addition to his duties as Recruiting Officer and Commanding Officer of the Depot Force, plaintiff was the Post Ordnance Officer, the Post Engineer Officer, the Post Chemical Warfare Officer, Post Salvage Officer, Mess Officer, Officer in Charge of the Officers’ Club property, and Officer .in Charge of the polo stables. In addition to these regular duties, plaintiff was the Plans and Training Officer of Troop *334 B, which demanded his attention for some portion of the day for about three days a week, and he was also a member of a General Court-Martial, which met on the average of about twice a week. Recruits arrived at the post at all hours of the day, and plaintiff’s Commanding-Officer had told him personally that he wanted them in uniform within twenty minutes of their arrival.
Plaintiff says it was impossible to comply with this order and perform his other duties, many of which also involved property responsibility. There is nothing in the record to contradict this statement, it appears entirely plausible, and it is accepted as true.
Plaintiff, then, was faced with the dilemma of disobeying his Commanding Officer and letting recruits wait for their uniforms until he could be present, or of violating Army regulations, signing- requisitions - and receipts in blank and letting the clothing be issued in his absence. • He chose the latter course.
A soldier’s highest duty is to obey army regulations, and he is not bound to obey any order in conflict therewith. When, therefore, it became apparent to plaintiff that he could not comply with the order to equip recruits within twenty minutes after arrival and comply with Army regulations, it was his duty to call that fact to his commanding officer’s attention and to attempt to secure a revision of the order. He was unwarranted in assuming responsibility for setting aside the regulations. He should have- put that responsibility where it belonged, on the officer issuing the order making compliance impossible.
We are not convinced that post headquarters sanctioned the signing of requisitions and receipts in blank, or the issuance of clothing in the absence of a commissioned officer, as alleged. We are also of the opinion that plaintiff’s request for assistance was not enough to relieve him of his dereliction. Express authority for departing from army regulations was required.
Defendant’s officers were within their legal rights in making the deductions from plaintiff’s' salary. Morally, plaintiff’s claim has much to commend it to one who- can give relief on such a ground, but we can render judgment only *335 on a claim supported by the law as it is written. To relieve him of the harshness of the application of the law to this particular case plaintiff can only appeal to Congress.
It results that plaintiff is not entitled to recover. It is so ordered.
Madden, Judge; Jones, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.

 A. R. 35-6560, par. lie (1) and (2), provide:
e. (1) Where the issue of clothing to the individual enlisted man is necessary, individual clothing slips in duplicate, numbered serially for the month or period and enumerating the articles needed, will be prepared by the company or detachment commander. The Quantities and sizes desired will be entered by the company or detachment commander, except that for men not yet fitted sizes may be filled in at the time of issue after proper size has been determined by try on.
* " * * * *
(2) At the time of issue to individual enlisted men the quartermaster or his representative will enter the quantities and sizes of the articles issued, initial the slip in space “Issued by,” and obtain the.man’s receipt on both copies. A line will be drawn through each blank space in column “Quantities issued” on both copies by the quartermaster or his representative before the man signs the receipt. The “original” will be retained by the quartermaster as a voucher to his stock record account and the “duplicate” returned to the company or .detachment commander or his representative at the time of issue, or returned at the close of the business day in a sealed envelope to the company or detachment commander, who will immediately enter the articles on the individual equipment record, Form No. 637, A. G. 0., and the money value on Q. M. G. Form No. 166-A, filing the duplicate individual clothing slip with the Form No. 166-A until the next visit of the inspector.

 Military property — Willful or negligent loss, damage, or wrongful disposition. — Any person subject to military law who willfully, or through neglect, suffers to be lost, spoiled, damaged, or wrongfully disposed of, any military property belonging to the united States shall make good the loss or damage and suiter-such punishment as a court-martial may direct.